***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Stephenson and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Stephenson with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At the time of the injury giving rise to this claim, an employment relationship existed between plaintiff and defendant-employer.
3. Key Risk Management was the workers' compensation administrator on the risk.
4. On November 12, 1992, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. In 1992, plaintiff worked for Wake County Schools as a custodian. Plaintiff's job required her to lift objects that could weigh up to forty or fifty pounds on a regular basis.
2. Plaintiff sustained a compensable injury by accident to her back on November 12, 1992. On November 12, 1992, while at work, plaintiff fell while climbing steps and landed on a desk. Prior to injuring herself, she did not have any medical problems relating to her back, neck, leg, or arms. Plaintiff has not worked since the accident, and has received workers' compensation payments since the accident.
3. Plaintiff has a ninth grade education. Her work history consists of working as a cashier and a stocker.
4. Plaintiff does not know of any jobs she could perform given her background, experience, training and education.
5. Plaintiff's children now take care of her and do her cooking, cleaning, and laundry. Plaintiff has pain in her neck, shoulders, left arm, and left leg. She has difficulty walking and uses a cane.
6. Dr. Charles A. Cook, a general internist who is board certified in internal medicine, began treating plaintiff in 1995. Dr. Cook is plaintiff's primary treating physician.
7. Dr. Cook found that plaintiff suffered from "chronic neck pain and back pain, with arm and leg neuralgia of uncertain etiology." Neuralgia is "consistent with either nerve coming from the spinal cord, or nerve in the periphery being agitated or inflamed, causing a . . . pain complex." Dr. Cook concluded, and the Full Commission finds as fact, that it "would be very difficult [for plaintiff to work] under her circumstances of constant pain, needing a cane, and requiring multiple pain medications and muscle relaxants." Dr. Cook also concluded, and the Full Commission finds as fact, that "it would be extremely dangerous for her to be around any equipment that would be heavy, electrical, wet floors; anything that would further compromise her . . . ability to ambulate, which is already compromised by her gait." Dr. Cook would restrict plaintiff from lifting two to five pounds and would restrict plaintiff from "climbing, kneeling, [and] stairs."
8. Dr. Peter W. Gilmer, an expert in orthopaedics, first examined plaintiff on September 29, 1994. Dr. Gilmer diagnosed plaintiff with chronic back strain. Plaintiff had a limited range of motion. Dr. Gilmer examined her again on April 25, 2002. Dr. Gilmer determined that plaintiff still suffered from back pain, but he did not believe that he could help her. Based upon plaintiff's functional capacity evaluation, Dr. Gilmer did not believe plaintiff would benefit from surgery because she would not likely retain employment or perform satisfactorily in any type of work environment.
9. Dr. Gilmer observed that plaintiff's MRI report reflects that she has a bulging disc between C5 and C6, and the bulging disc is consistent with neck pain.
10. Defendants have argued in their brief and in oral argument before the Full Commission that plaintiff's disability was not caused by her work-related injury, but is rather a consequence of psychological disorders. Dan R. Chartier, Ph.D., a psychologist with the Carolina Back Institute, was the only mental health professional whose testimony was introduced in this matter. Dr. Chartier performed an Independent Psychological Evaluation of plaintiff on August 7, 2002. He opined that plaintiff suffers from a somatoform disorder and an Axis II personality disorder, that these disorders are the cause of plaintiff's subjective complaints of disabling pain, and that such disorders are idiopathic in nature and not related to plaintiff's work-related back injury. Defendants assert that Dr. Chartier's opinions are supported by prior psychological evaluations by psychologist Dr. Ross in October 1995 and psychologist Dr. Schmickley in April 2000. The Full Commission finds there to be insufficient evidence upon which to find that plaintiff's disability is caused by psychological disorders. The testimony of Dr. Chartier and the findings of Dr. Ross and Dr. Schmickley in the medical record are all based upon one-time psychological evaluations, and are thus afforded only minimal weight. The Full Commission gives greater weight to the testimony and medical records of plaintiff's treating physicians regarding the cause of her disability.
10. Based upon plaintiff's testimony, the medical evidence of record, and the depositions of Drs. Gilmer, Cook, Chartier, and Elkins, the Full Commission finds that plaintiff totally and permanently lost her capacity to earn wages in any employment on November 12, 1992, due to the back injury she sustained on that day and continuing through the present day. Any further attempts to find employment would be futile given her age, education, work experience and physical condition resulting from the compensable injury.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On November 12, 1992, plaintiff sustained a compensable injury by accident to her back while at work within the meaning of the Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
2. An employee is disabled if she is unable to earn the same wages that she had earned before her injury. The employee is entitled to total and permanent disability when one of the following applies: (1) the production of medical evidence that she is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that she is capable of some work, but that she has, after a reasonable effort on her part, been unsuccessful in her effort to obtain employment; (3) the production of evidence that she is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that she has obtained other employment at a wage less than that earned prior to the injury. Russellv. Lowes Prod. Distrib., 108 N.C. App. 762, 425 S.E.2d 454 (1993). In the present case, the medical evidence of record shows that plaintiff would not likely retain employment or perform satisfactorily in any type of work environment. Moreover, it would be futile for plaintiff to continue searching for employment given her lack of education. For these reasons, the Full Commission finds plaintiff to be totally and permanently disabled pursuant to N.C. Gen. Stat. § 97-29. Id.
3. Plaintiff is entitled to weekly permanent total benefits from November 12, 1992, through the present and continuing until further Order of the Industrial Commission.
4. Plaintiff is entitled to all medical treatment resulting from her compensable injury to the extent that such treatment is designed to effect a cure, give relief, or lessen this period of disability. N.C. Gen. Stat. §§97-2(19) and 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay to plaintiff weekly permanent total compensation benefits from November 12, 1992, through the present and continuing until further Order of the Commission at the rate of $175.69 per week, less the attorney fee provided herein. The portion of this award that has accrued shall be paid in lump sum to plaintiff.
2. Defendants shall provide medical treatment resulting from plaintiff's compensable injury to the extent that such treatment is designed to effect a cure, give relief, or lessen the period of disability.
3. Defendants shall pay directly to plaintiff's counsel a reasonable attorney's fee in the amount of twenty-five percent (25%) of the disability compensation awarded to plaintiff herein. Attorney's fees based upon the portion of plaintiff's award that has accrued shall be paid directly to plaintiff's counsel in lump sum; thereafter defendants shall pay every fourth check to plaintiff's counsel.
4. Defendants shall pay all costs.
This 21st day of June 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER